UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MILAS RINGER,

                Plaintiff,          09 Civ. 8645 (SHS)(THK)

    -against-

                                  REPORT AND RECOMMENDATION

THE PEOPLE OF THE STATE OF         (Pro Se)
NEW YORK, et al.,

                Defendants.
------------------------------------X

TO: HON. SIDNEY H. STEIN, UNITED STATES DISTRICT JUDGE
FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.

    Plaintiff Milas Ringer, proceeding pro se, brings this action against the People of the State of New York, District Attorney Robert M. Morgenthau, Assistant District Attorney Dan Colgan, Parole Officer Antonio, Parole Officer Whittaker, and Parole Officer De La Cruz (collectively, "Defendants"), for alleged violations of his civil rights, pursuant to 42 U.S.C. § 1983. The case has been referred to this Court for general pretrial supervision. For the reasons that follow, the Court respectfully recommends that the Complaint be dismissed without prejudice for failure to timely effect service of process.

## BACKGROUND

    The Complaint was stamped "received" by the Court's Pro Se Office on September 10, 2009, and docketed on October 13, 2009. On October 24, 2009, a Rule 4 service package was sent by Federal Express to Plaintiff. Tracking information provided on the Federal Express website indicates that the package was successfully

COPIES MAILED

delivered to Plaintiff. The service package contained information on what must be done to effect service and advised Plaintiff that service must be effected within 120 days or the Complaint could be dismissed.

On January 11, 2010, the Court sent Plaintiff a letter again instructing him that he was responsible for arranging to promptly serve Defendant with a summons and copy of the Complaint. The letter explained that Plaintiff was entitled to assistance with service from the United States Marshal's Service, and from the Pro Se Office of this Court. The letter further set forth the time limit of 120 days for service established by Rule 4(m) of the Federal Rules of Civil Procedure. It stated, "if service is not made upon the defendants by February 10, 2010, and you have not shown good cause for such failure to serve, I will recommend to Judge Stein that the action be dismissed." (Letter from the Court to Plaintiff, dated Jan. 11, 2010.) As of the date of this Report and Recommendation, Plaintiff has not provided proof of service of the Complaint. Moreover, the Marshal's Service has confirmed that they have not even received a service request from Plaintiff.

## DISCUSSION

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, "the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice." Fed. R. Civ. P 4(m). The rule thus authorizes

2

sua sponte dismissal for failure to serve, provided that the plaintiff has received notice of that possibility. See Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002) (explaining that a plaintiff must be given notice prior to sua sponte dismissal pursuant to Rule 4(m)); Allan v. City of New York, 386 F. Supp. 2d 542, 547 (S.D.N.Y. 2005) ("[A] court may, sua sponte, dismiss a complaint for failure to serve process, provided that the plaintiff is given notice . . . ."); accord Gustaff v. MT Ultimate Healthcare, No. 06 Civ. 5496 (SLT) (LB), 2007 WL 2028103, at *2 (E.D.N.Y. June 21, 2007).

The Court's January 11 letter expressly notified Plaintiff that it would recommend dismissing the case if he failed to serve Defendants by February 10, 2010 without showing good cause for that failure. The Court thus gave Plaintiff notice that his case could be dismissed if he failed to complete service. Because Plaintiff has not communicated with the Court since the January 11 letter, and has not completed service on any defendant, the Court respectfully recommends that the Complaint be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons set forth above, the Court respectfully recommends that the Complaint be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

3

from service of this Report to file written objections.  See also Fed. R. Civ. P. 6(a) and (d).  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, United States District Judge, and to the chambers of the undersigned, Room 1660.  Any requests for an extension of time for filing objections must be directed to Judge Stein.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  See Thomas v. Arn, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Respectfully Submitted,

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: February 25, 2010
       New York, New York

Copies mailed to:

Milas Ringer
3 Sadore Lane, Apt. #3X
Yonkers, New York 10710